IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| YUSEF HOLLINS #1864680 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv356 |
| CHRISTOPHER HOLMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Yusef Hollins, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendant in the original complaint was Captain Christopher Holman; in an amended complaint, Hollins added Captain Michael Stephenson, explaining that he did not know which of these persons was the disciplinary hearing officer whom he wished to sue.

**I. Background**

After review of the original complaint, the Magistrate Judge ordered Hollins to file an amended complaint setting out a short and plain statement of his claim, including: a concise statement of the claims he wished to raise, the individual or individuals whom he wished to sue, a statement showing how these individuals were involved with the facts forming the basis of the claim, the harm suffered as a result of the facts forming the basis of the lawsuit, and the specific relief sought. In response to this order, Hollins filed an amended complaint reading, in its entirety, as follows:

1

> 1) At and during the disciplinary hearing, on Michael Unit, case no. 20160313199, Defendant Captain C. Holman or Captain M. Stephenson did violate Plaintiff right to due process and constituted a deprivation of liberty under the United States Constitution.
>
> 2) Defendant is liable for his intentional reckless behavior and the fact the defendant was deceit [sic] and bias [sic] toward the Plaintiff despite admissible evidence and intent to suppress extant exculpatory evidence, thus indicating the decision-maker being partial.
>
> 3) Upon exhaustion of administrative remedies, on October 11, 2016 (the Step 2) preponderance of evidence demonstrate a malicious prosecution and that the disciplinary hearing conviction and sentence was reversed on Plaintiff behalf (favor) and the fact that grievance no. 2016168886 proves it has previously been invalidated.

In a Step Two grievance attached to the original complaint, Hollins argued that the female officer who charged him with masturbating was over 50 feet away and that he was simply in the shower cleaning himself. The response to this grievance stated that the disciplinary case would be overturned and that Hollins' records would be corrected, but that the option to rehear the case would be left to the warden's discretion.

Hollins also filed a motion for summary judgment arguing that "it has been clearly established that the defendant was not a fair and impartial decision-maker in the hearing and falsified a written and verbal statement of reasons of the guilty verdict." He noted that the conviction had been overturned and contended that he is entitled to at least nominal damages if he has been subjected to a due process violation.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge explained that while the pleading standards under Fed. R. Civ. P. 8(a)(2) do not require detailed factual allegations, pleadings must nonetheless provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. A complaint fails to state a claim upon which relief may be granted where it does not contain sufficient factual matter, accepted as true, to state a claim for relief which is plausible on its face; legal conclusions couched as factual allegations need not be accepted as true.

Based upon these standards, the Magistrate Judge concluded that Hollins' complaint failed to state a claim upon which relief may be granted. Hollins alleged that he was the subject of disciplinary action which was later overturned, but there is no due process violation if a prisoner is falsely accused of disciplinary charges where the prisoner has an adequate state procedural remedy to challenge the accusations. The mere fact that Hollins was convicted on disciplinary charges which were later overturned does not itself show a due process violation.

The Magistrate Judge determined that the bare allegations of denial of due process and "deceit and bias" amounted to no more than naked assertions devoid of further factual enhancement. Although Hollins was afforded an opportunity to amend his complaint, he failed to offer sufficient factual matter, accepted as true, to state a claim for relief which was plausible on its face. Thus, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1043 (5th Cir. 1998).

### III. Hollins' Objections

In his objections, Hollins acknowledges the applicable pleading standards, but states "plaintiff finds this type of pleading standard practically impossible to fulfill as short and plain with this type of claim." He then asserts that he "demonstrated at best in the original motion to amend 42 U.S.C. §1983 forms factual contents despite the vast amount of misconduct by the defendant."

Hollins asserts the Defendant "constituted [sic] a deprivation of liberty interest by an inadequate state procedural remedy to challenge the accusations." He adds that "so not only was the disciplinary conviction eventually proven invalidated by reasons supported by reason [sic] more than conclusory findings, but also with the probability that the defendant was liable of being partial, deceit, and bias and also it as it was aver[red] on the first original 42 U.S.C. §1983 complaint (para. V) that the defendant found me guilty based on discriminatory favoritism and prejudice in which it contends [sic] with a retaliatory intent due to plaintiff being consistent with my right to petition the government for redress of grievances."

Hollins next contends that prisoners do not enjoy equal protection because all the government official has to do is follow adequate procedural safeguards and then find the prisoner guilty "no matter what," even of false accusations. He argues that he was denied due process because he was subjected to a prejudicially motivated decision-maker. He notes that the hearing officer and the charging officer are both white and he and a Government official witness are black.

Hollins asserts that he has stated a claim upon which relief may be granted because "the defendant's liability (individual capacity) did unlawfully constitute a violation of Plaintiff's Fifth and Fourteenth Amendments by depriving plaintiff of a liberty interest without due process of the law and prejudicially with evil and retaliatory intent by abusing his authority by undeservedly finding plaintiff guilty by way of malicious prosecution, to the greatest extent of the law and addition [sic], the act itself in which the state created right has caused plaintiff a much longer extended time in confinement." Even though he has been transferred out of the Eastern District of Texas, Hollins states that he is still facing retaliation, and he has filed a lawsuit in the Northern District of Texas. He asks to be allowed to present more evidence to show a genuine issue triable by jury.

**IV. Discussion**

Hollins fails to show any good reason why he is unable to meet the normal pleading standard for §1983 lawsuits, a standard which requires only that he provide sufficient factual matter to state a claim for relief which is plausible on its face. Despite amending his complaint in response to a court order directing that he file an amended complaint setting out facts in support of his claim, Hollins' pleadings offer little more than conclusions and "naked assertions devoid of further factual enhancement." He contends that he was deprived of due process in some unspecified way and that the hearing officer used "deceit and bias," but these allegations are labels and conclusions, not facts. As such, they cannot survive screening on the issue of failure to state a claim.

As the Magistrate Judge correctly stated, the mere fact that Hollins was convicted on disciplinary charges which were later overturned does not itself show a due process violation. The

available state procedural remedies were plainly adequate to challenge the accusations, as shown by the fact that Hollins successfully got his conviction reversed. *See Grant v. Thomas*, 37 F.3d 632, 1994 U.S. App. LEXIS 43277, 1994 WL 558835 (5th Cir., September 23, 1994) (noting that "there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations.") Hollins has offered no specific facts to show he was subjected to a due process violation beyond the bare fact that the conviction was later overturned, which does not show a constitutional violation. The Magistrate Judge correctly determined that Hollins' due process claims failed to state a claim upon which relief may be granted.

In his original complaint, Hollins asserted that the disciplinary hearing officer "simply found me guilty based on favoritism and prejudice solely because of his authority to do so and punish me to the harshest degree." This allegation likewise amounts only to a naked assertion devoid of further factual enhancement and thus does not state a claim upon which relief may be granted.

Hollins raises for the first time in his objections an assertion that he was found guilty based upon retaliation. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). To the extent that Hollins sets out a retaliation claim in his objections, the claim is not properly before the Court.

Even were this claim properly before the Court, Hollins fails to offer any substantiating facts. A prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988).

The elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusory allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the

more probable scenario, a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310, *citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Hollins has presented no specific facts showing direct evidence of retaliation nor a chronology from which retaliation may plausibly be inferred. Instead, he has presented nothing more than a personal belief that he was the victim of retaliation. He has failed to state a claim of retaliation upon which relief may be granted even were this claim properly before the Court.

With regard to his claim of equal protection, Hollins stated in his original complaint that the disciplinary hearing captain and the charging officer are both white, and he added in his objections that he and "a government official witness" are both black. These mere recitations of his racial background and those of other persons involved wholly fail to set out a claim for racial discrimination which is plausible on its face, nor do these conclusory allegations show a violation of the Equal Protection Clause. *See Gregory v. McKennon*, 430 F.App'x 306, 2011 U.S. App. LEXIS 12773, 2011 WL 2473714 (5th Cir., June 22, 2011) (vague and conclusory allegations that equal protection rights have been violated is insufficient to raise an equal protection claim), *citing Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

6

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **January, 2018.**

                                                  Ron Clark, United States District Judge